# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

**HANY NABIL ROSHDY AZAB**
(A# 241-401-468),

Petitioner,

v.

**SCOTT LADWIG,**
Acting Director of the New Orleans Field Office of U.S. Immigration and Customs Enforcement;

**DAVID VENTURELLA,** Acting Director, U.S. Immigration and Customs Enforcement;

**MARKWAYNE MULLIN,**
Secretary of the U.S. Department of Homeland Security;

**TODD BLANCHE,** Acting Attorney General of the United States,

Respondents.

Civil Action No. 3:26-cv-01345

**ORDER GRANTING PETITIONER'S EMERGENCY MOTION TO AMEND TEMPORARY RESTRAINING ORDER**

## AMENDED TEMPORARY RESTRAINING ORDER

The Petitioner was taken into custody by Respondents on September 18, 2026. Petitioner filed his Petition for Habeas Corpus (ECF No. 1) and Emergency Motion for a Temporary Restraining Order (ECF No. 4) a few hours later. Petitioner specifically alleged that, because of a recent Sixth Circuit decision that would require the Petitioner to be immediately released by the

Respondents, they have a practice of transferring detainees out of the geographical area governed by the Sixth Circuit Court of Appeals, and that he feared such a transfer would happen to him before his Emergency Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief (ECF No. 1) could be heard. He further explained that, after taking him into custody, Respondents told Petitioner they would transfer him to the detention facility in Memphis and then to Louisiana.

Sadly, Petitioner's fear came true. The Court granted the Motion, specifically ordering Respondents not to transfer Petitioner outside of the Middle District of Tennessee pending a hearing scheduled for October 2, 2026 (ECF No. 6). However, unbeknownst to counsel, at the time of filing, Respondents had already placed Petitioner on a transfer bus, and they transferred Petitioner outside the Middle District to the Western District of Tennessee that same afternoon.

The Court repeats its findings that the Petitioner has established grounds for a temporary restraining order. He has shown a strong likelihood of success on the merits, would suffer the irreparable injury of continued detention and possible deportation absent an injunction, the injunction would not cause substantial harm to others, and it is in the public interest that he be maintained in this district so that his Petition for Writ of Habeas Corpus can be heard under prevailing Sixth Circuit law. *S. Glazer's Distrib. Of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017).

Moreover, a federal court retains authority to modify prospective injunctive relief when changed or newly discovered circumstances warrant doing so. *See System Federation No. 91, Railway Employees' Department v. Wright*, 364 U.S. 642, 647–48 (1961) ("[A] sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since

arisen."). Section 2243 likewise directs a habeas court to "dispose of the matter as law and justice require." 28 U.S.C. § 2243. *See Khazanov v. Bullock*, No. 3:26-cv-00401 ECF No. 6 (M.D. Tenn. April 6, 2026) (Trauger, J.) (issuing Temporary Restraining Order providing that the petitioner could not be moved outside the Middle District of Tennessee and further providing that, if the petitioner had already been moved outside this District before entry of the amended order, he could not be moved outside Tennessee).

Accordingly, it is hereby ORDERED that the Court's September 18, 2026 Temporary Restraining Order (ECF No. 6) is MODIFIED solely as follows:

1. The Respondents, and all persons acting in concert or participation with them who receive actual notice of this Order, shall not transfer the Petitioner outside of the state of Tennessee pending resolution of the Petition for Habeas Corpus (ECF No. 1);
2. The Respondents, and all persons acting in concert or participation with them who receive actual notice of this Order, shall not remove, deport, or otherwise cause Petitioner to depart from the United States of America pending resolution of the Petition for Habeas Corpus (ECF No. 1);
3. All other provisions of the Court's September 18, 2026 Temporary Restraining Order (ECF No. 6) remain in full force and effect.
4. The Clerk and counsel for the Petitioner are DIRECTED to send immediate notice of this Order, of the Order at ECF No. 6, and the related filings, to the United States Attorney's Office for the Middle District of Tennessee by CM/ECF and by any additional expedited means available.
5. The Clerk and counsel for the Petitioner are DIRECTED to send immediate notice of this Order, of the Order at ECF No. 6, and the related filings, to the United States Attorney's Office for the Western District of Tennessee via email (specifically, email to the United States Attorney for the Western District of Tennessee at michael.dunavant@usdoj.gov and to the Civil Chief of the United

States' Attorney's Office in the Western District at stuart.canale@usdoj.gov, and by any additional expedited means available.

This Order shall remain in effect until the hearing scheduled for October 2, 2026, at 3:00 P.M.

IT IS SO ORDERED on September 21, 2026 at 1:00 P.M.

ALETA A. TRAUGER
U.S. DISTRICT JUDGE

Date: September 21, 2026

Respectfully submitted,

/s/ Mallory K. Schiller
Mallory Kathryn Schiller, Esq.
TN BPR # 036191
MK Schiller Law
35 Erin Lane
Nashville, TN 37221
(931) 854-5174
mallory@mkslaw.help
*Attorney for Petitioner*